UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:21-cv-07424-DMG-SHK | Date: | September 21, 2021 |
|---|---|---|---|

| Title: | *Edward Palma v. Erica Arnold, et al.* |
|---|---|

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On September 16, 2021, Plaintiff Edward Palma's ("Plaintiff") filed a complaint ("Complaint" or "Compl.") against Erica Arnold, Child Protective Services/Child Support Services Department, and the "Unconstitutional Foreign Corporation AKA the State of California" (collectively, "Defendants") alleging what appear to be various claims of fraud, constitutional violations, and statutory violations.  Electronic Case Filing Number ("ECF No.") 1, Compl.  Plaintiff paid the $402 filing fee on September 16, 2021.  See id.

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), regardless of whether a plaintiff is proceeding in forma pauperis, a court may dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  In evaluating whether Plaintiff has stated a claim, the Court accepts as true the factual allegations in the Complaint and views all inferences in a light most favorable to him.  See Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir. 2001).  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Because Plaintiff is proceeding pro se, the Court construes the Complaint liberally.  Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

Federal courts, like this one, are limited in the types of cases that they can hear and cannot hear any lawsuit that a party may want to file, unlike many state courts.  United States v. Jacobo Castillo, 496 F.3d 947, 951 (9th Cir. 2007).  Specifically, federal courts can only hear "those cases that (1) are within the judicial power of the United States, as defined in the

Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress." Id. (internal quotation marks omitted). Without the authority to hear a case, either by the U.S. Constitution or the U.S. Congress, a federal court lacks subject matter jurisdiction over the matter. See Kontrick v. Ryan, 540 U.S. 443, 452 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction."). Also, neither the federal court nor the parties can waive this type of a defect, or problem. Castillo, 496 F.3d at 952.

One such way that a federal court may hear a case, is called federal question jurisdiction. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have subject matter jurisdiction over a cause of action. See Bell v. Hood, 327 U.S. 678, 682 (1945); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) (a federal court lacks subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.").

A complaint is frivolous if it lacks any arguable basis either in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Even "a paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction." Franklin v. Murphy, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984); Hagans v. Lavine, 415 U.S. 528, 537-38 (1974) (a federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction). Clearly baseless allegations include those that are "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). And under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, in the instant Complaint, Plaintiff appears to allege, among other things, that court-ordered child support violates the following:

- "separation of powers require by the State and US constitution";
- Minnesota Statute 518.551 (1996);
- Article III, Section 1 of the California Constitution; and
- The Thirteenth Amendment.

ECF No. 1, Compl. at 3-14 (capitalization and spelling in original). Plaintiff also alleges that the United States of America and its federal government is a foreign corporation and "an unconstitutional enterprise of fraud" with respect to the "Children Protective Services and Child Support enforcement." Id. (capitalization in original). Plaintiff appears to allege that the Court has jurisdiction over the Complaint because, among other things, Plaintiff asserts "holding the Offices Special Prosecutor, now establish this de jure Article III Court, with Military Tribunal Overview, under Circuit Rider review: and by Army Reg 840-10 military flag." Id. at 4 (capitalization and spelling in original).

While Plaintiff does identify federal statues and the Constitution as the basis for his claims, Plaintiff's allegations appear to be without legal support and does not confer subject matter jurisdiction on this Court because Plaintiff's factual assertions that form the basis of his claims do not support asserting viable claims. For example, to the extent Plaintiff asserts that the United States of America and its federal government is a foreign corporation and an

unconstitutional enterprise of fraud, the Court finds these claims to be frivolous and, thus, they do not confer subject matter jurisdiction on this Court.  Further, aside from conclusory allegations, there are no factual allegations in Plaintiff's Complaint that demonstrate Child Protective Services or court-ordered child support constitutes fraud or a violation of any recognized federal law.  Consequently, Plaintiff has failed to establish that the Court has subject matter jurisdiction by way of a valid federal question.  See Franklin, 745 F.2d at 1227 n.6.

Although it does not appear that Plaintiff can cure the defects in his Complaint, because Plaintiff is proceeding pro se, the Court will allow Plaintiff one opportunity to explain why the Complaint should not be dismissed with prejudice for lack of subject matter jurisdiction. Accordingly, Plaintiff is **ordered to show cause**, by **October 21, 2021**, why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff's response to this order must be no more than 5 pages.  **Plaintiff is warned that failure to timely respond as ordered may result in the case being dismissed under Federal Rule of Civil Procedure 41 for failure to prosecute and follow Court orders.**

**IT IS SO ORDERED.**